UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISON

CASE NO.: 23-cv-23327-JEM

REGINALD CROSBY,

    *Plaintiff*,

vs.

NCL (BAHAMAS) LTD,

    *Defendant*.

_____/

### **DEFENDANT'S ANSWER AND AFFIRMATIVE DEFENSES**

Defendant, NCL (Bahamas) Ltd. ("NCL"), hereby serves its Answer and Affirmative Defenses to Plaintiff's Complaint.

### **JURISDICTION, VENUE AND PARTIES**

1. Admitted only that Plaintiff alleges damages in excess of $75,000. Denied as to Plaintiff's entitlement to the amount alleged.

2. Admitted on information and belief, including information furnished by Plaintiff.

3. Admitted for purposes of jurisdiction and for this litigation only.

4. Admitted for purposes of jurisdiction and for this litigation only.

5. Admitted for purposes of jurisdiction and for this litigation only.

6. Admitted.

7. Admitted that venue is proper in this Court.

8. Admitted that venue is proper in this Court.

9. Admitted only that Plaintiff, through his counsel, gave timely written notice of his claim. All remaining allegations are denied.

## LIABILITY AND DAMAGE ALLEGATIONS APPLICABLE TO ALL COUNTS

10. Admitted only that NCL operated the subject vessel on the date of the alleged incident.

11. Admitted that Plaintiff was a fare paying passenger aboard the subject ship on the dates alleged.

12. Denied.

13. Denied.

14. Denied.

## COUNT I - NEGLIGENT MAINTENANCE
### (Direct Liability)

15. NCL adopts and re-alleges its responses to Paragraph 1 through 14 as if fully set forth herein.

16. Denied as an incomplete statement of law.

17. Denied.

18. Denied.

19. Denied, including subparagraphs a) through c).

20. Denied.

21. Denied, including subparagraphs a) through k).

22. Denied.

NCL denies that Plaintiff is entitled to any damages and demands strict proof thereof.

## COUNT II - NEGLIGENT FAILURE TO CORRECT
### (Direct Liability)

23. NCL adopts and re-alleges its responses to Paragraph 1 through 14 as if fully set forth herein.

24. Denied as an incomplete statement of law.

25. Denied.

26. Denied.

27. Denied, including subparagraphs a) through c).

28. Denied.

29. Denied, including subparagraphs a) through h).

30. Denied.

NCL denies that Plaintiff is entitled to any damages and demands strict proof thereof.

## COUNT III - NEGLIGENT FAILURE TO WARN
### (Direct Liability)

31. NCL adopts and re-alleges its responses to Paragraph 1 through 14 as if fully set forth herein.

32. Denied as an incomplete statement of law.

33. Denied.

34. Denied.

35. Denied, including subparagraphs a) through c).

36. Denied.

37. Denied, including subparagraphs a) through c).

38. Denied.

NCL denies that Plaintiff is entitled to any damages and demands strict proof thereof.

## COUNT IV - NEGLIGENT MAINTENANCE
### (Vicarious Liability)

39. NCL adopts and re-alleges its responses to Paragraph 1 through 14 as if fully set forth herein.

40. Denied as an incomplete statement of law.

41. Denied.

42. Denied, including subparagraphs a) through f).

43. Denied.

44. Denied.

NCL denies that Plaintiff is entitled to any damages and demands strict proof thereof.

### COUNT V - NEGLIGENT FAILURE TO CORRECT
### (Vicarious Liability)

45. NCL adopts and re-alleges its responses to Paragraph 1 through 14 as if fully set forth herein.

46. Denied as an incomplete statement of law.

47. Denied.

48. Denied, including subparagraphs a) through f).

49. Denied.

50. Denied.

NCL denies that Plaintiff is entitled to any damages and demands strict proof thereof.

### COUNT VI - NEGLIGENT FAILURE TO WARN
### (Vicarious Liability)

51. NCL adopts and re-alleges its responses to Paragraph 1 through 14 as if fully set forth herein.

52. Denied as an incomplete statement of law.

53. Denied.

54. Denied, including subparagraphs a) through c).

55. Denied.

56. Denied.

NCL denies that Plaintiff is entitled to any damages and demands strict proof thereof.

## AFFIRMATIVE DEFENSES

1. Plaintiff's own negligence was the sole proximate cause of their injuries and damages and, accordingly, Plaintiff's claim is barred as a matter of law.

2. Plaintiff's own negligence contributed to the subject accident and their injuries and damages and, accordingly, any award to Plaintiff, if any, must be reduced in proportion to their own comparative negligence.

3. Plaintiff's injuries and damages, if any, were caused solely by the conduct of third persons not subject to the control, direction or supervision of NCL and for which NCL cannot be held liable.

4. Plaintiff's claims are barred because there was no unreasonably dangerous or hazardous condition that caused their alleged injuries.

5. To the extent the alleged unreasonably dangerous condition existed, NCL did not create it.

6. To the extent the alleged unreasonably dangerous condition existed, NCL had no actual or constructive notice or knowledge of its existence.

7. Plaintiff's claims are barred inasmuch as Plaintiff knew of the existence of any danger alleged in the Complaint, realized and appreciated the possibility of injury as a result of the danger and, having a reasonable opportunity to avoid it, voluntarily exposed themself to the danger.

8. The allegedly dangerous condition was apparent, open and obvious and should have been observed by Plaintiff in the ordinary course of their senses, barring any recovery by Plaintiff.

9.      The incident and injuries alleged by Plaintiff, if any, were the result of superseding, intervening, and/or unforeseeable causes from which NCL had no duty to protect Plaintiff.

10.     NCL fully discharged its duty to Plaintiff by warning them of any dangers and/or unique conditions of the vessel.

11.     This action is governed by and subject to the terms, limitations, and conditions contained within the contract for passage, and NCL adopts and incorporates same in its entirety to its Answer by reference.

12.     The alleged incident and injury may not have been fully disclosed, and therefore NCL reserves the right to amend or supplement these Affirmative Defenses with additional information if and when such information is discovered.

**WHEREFORE** the Defendant, NCL (Bahamas) Ltd., having fully answered Plaintiff's Complaint and having raised affirmative defenses, demands judgment in its favor, and such other relief as this Court deems appropriate.

Respectfully submitted,

**NORWEGIAN CRUISE LINE**
Attorneys for Defendant
7665 Corporate Center Drive
Miami, Florida 33126
Telephone:   (305) 436-4653
Facsimile:    (305) 468-2132

By: */s/ Todd L. Sussman*
   **Todd L. Sussman, Esq.**
   Florida Bar No. 0084729
   tsussman@nclcorp.com

## CERTIFICATE OF SERVICE

I hereby certify that on this 4th day of December 2023, I electronically filed the foregoing document with the Clerk of Court using CM/ECF. I also certify that the foregoing document is being served this day on all counsel of record identified on the attached Service List in the manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to electronically receive Notices of Electronic Filing.

By: */s/ Todd L. Sussman*
**Todd L. Sussman, Esq.**

## SERVICE LIST

*Reginald Crosby vs. NCL (Bahamas) Ltd.*
Case No.: 23-cv-23327-JEM
United States District Court for the Southern District of Florida

| | |
|---|---|
| Todd L. Sussman, Esq.<br>NORWEGIAN CRUISE LINE<br>7665 Corporate Center Drive<br>Miami, FL 33126<br>Telephone:     (305) 436-4653<br>Facsimile:       (305) 468-2132<br>tsussman@nclcorp.com<br>jjara@ncl.com<br>*Attorneys for Defendant* | Philip M. Gerson, Esq.<br>Nicholas I. Gerson, Esq.<br>Edwards. Schwartz, Esq.<br>David L. Markel, Esq.<br>GERSON & SCHWARTZ, P.A.<br>1980 Coral Way<br>Miami, Florida 33145<br>Telephone: (305) 371-6000<br>Facsimile: (305) 371-5749<br>pgerson@gslawusa.com<br>ngerson@gslawusa.com<br>eschwartz@gslawusa.com<br>dmarkel@gslawusa.com<br>pgarcia@gslawusa.com<br>*Attorneys for Plaintiff* |